# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                          Plaintiff,<br><br>   v.<br><br>EVELYN MARILYN VELAZQUEZ INCHAURREGUI,<br><br>                          Defendant. | Case No. 18-cr-04920-BAS-1<br><br>**ORDER DENYING MOTION TO CORRECT SENTENCE**<br>**(ECF No. 41)** |

      On March 19, 2019, after pleading guilty to importing methamphetamine, Defendant was sentenced to twenty-four months of custody followed by three years of supervised release. (ECF No. 24.) She was released from this custodial sentence on July 2, 2020, and began serving her term of supervised release. (ECF No. 87.) However, while Defendant was on supervised release, she was re-arrested for bringing in aliens for financial gain. (Case No. 22-cr-2528-BAS-2 ("Second Case").) In the Second Case, the Court sentenced Defendant to twenty-four months in custody. (Second Case, ECF No. 46.) And, for the supervised release violation in this case, the Court sentenced Defendant to an additional four months in custody consecutive to the twenty-four-month sentence in the Second Case. (ECF No. 39.)

      Then, in the Second Case, the parties filed a Joint Motion to Reduce Sentence based on the retroactive guideline amendments. (Second Case, ECF No. 58.) However, after

reviewing the transcript of the sentencing hearing (*id.*, ECF No. 59), the parties agreed that, in anticipation of the guideline changes, the Court had already taken the guideline amendments into consideration at the time of the sentencing. Therefore, the Court denied the Joint Motion in the Second Case. (*Id.*, ECF No. 61.)

Defendant now brings a Motion to Correct her Sentence because of the retroactive guideline amendments in the case on which she is serving custodial time for a supervised release violation. (ECF No. 41.) As the Court already found, the Court took into consideration the guideline amendments at the time of Defendant's sentencing in the Second Case. Hence, when she was sentenced on her supervised release violation, the Court found her criminal history category was a I. Therefore, the guideline amendments are inapplicable to Defendant's sentence after a supervised release violation as well. And the Motion to Correct Sentence in this prior case is also **DENIED** (ECF No. 41).

**IT IS SO ORDERED.**

**DATED: February 16, 2024**

Hon. Cynthia Bashant
United States District Judge